MICHAEL I. GOODE, SBN 76568
Attorney at Law
15615 Alton Parkway, Suite 450
Irvine, CA 92615
(949)450-1770 (V)
(949)271-6314 (F)
Attorney for Plaintiff DANIEL CERVANTES

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL CERVANTES, | CASE NO: |
| Plaintiff. | COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL |
| vs. | |
| JACKSON SHRUB SUPPLY, INC. and GARY JACKSON, | |
| Defendants. | |

## INTRODUCTION

1. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S. Section 1001, et.seq.) (hereinafter referred to as "ERISA"), and more particularly Section 502(a)(1)(B) and Section 502(c) of said act.

2. The Court has jurisdiction in this matter under 29 U.S.C. 1132(e).

3. Plaintiff is currently residing in Los Angeles, County of Los Angeles, State of California and is a participant in the JACKSON SHRUB SUPPLY, INC. SUPPLEMENTAL RETIREMENT PLAN, within the meaning of 29 U.S.C. Section

1002(7) of ERISA. The qualified participant's name is JACKSON SHRUB SUPPLY, INC.

4.      Defendant JACKSON SHRUB SUPPLY, INC is a Corporation organized under the laws for the State of California with its principal place of business in the County of Los Angeles, California.

5.      Defendant GARY JACKSON was at all times herein and now is an individual with his principal place of business in the County of Los Angeles, State of California. He is the Plan Administrator under the ERISA for the Defendant JACKSON SHRUB SUPPLY EMPLOYEE PENSION AND RETIREMENT PLAN as set forth below.

6.      Defendant JACKSON SHRUB SUPPLY, INC operates an employees' pension or retirement plan under Section 401 of the Internal Revenue Code (1954) as amended and an employee pension plan within the meaning of 29 U.S.C. Section 1002(2)(A) and 1002(35) and was adopted on/or before this date. Defendant GARY JACKSON is the Trustee of said Plan, and each have a business location in the County of Los Angeles, State of California.

## COUNT I

7.      Plaintiff DANIEL CERVANTES realleges and repleads and incorporates by reference as though set out in full Paragraph 1 through 7, of this Complaint.

8.      On/or about 1997, Plaintiff was employed by Defendant JACKSON SHRUB SUPPLY, INC, hereinafter recited as Employer, and remained continuously employed under the terms of the Pension Plan until on/or about 2016.

9.      On/or about May 2016, Plaintiff's employment with Defendant JACKSON SHRUB SUPPLY, INC was improperly terminated without cause.

10.     On/or about May 2016 Plaintiff was advised that he would not receive the benefits promised by Defendants. Plaintiff appealed and was denied the promised benefits.

11. The benefits due are vested under the plan and Plaintiff has complied with all reasonable conditions in order to receive such retirement benefits.

12. Defendants, and each of them, erroneously and improperly have refused to transfer the vested sums to Plaintiff.

13. Defendants, and each of them, failed to provide Plaintiff with the opportunity for a full and fair review of his claim.

14. The above mentioned decision of the Retirement Committee of Defendant Employer denying Plaintiff benefits due under the terms of the Pension Plan was arbitrary, capricious, and not meeting good faith, unsupported by substantial evidence, erroneous as a matter of law and in violation of ERISA.

15. As a direct and proximate result of the actions of Defendants JACKSON SHRUB SUPPLY, INC. RETIRMENT PLAN, Plaintiff has been caused to incur attorney's fees in an amount currently not known to Plaintiff.

16. As a direct and proximate result of the above Defendant's actions, Plaintiff has lost benefits in an amount not yet fully ascertained by Plaintiff, but upon belief and information this such loss approximates the amount of benefits due under the terms of the Pension Plan.

## COUNT II

17. Plaintiff hereby realleges and repleads and incorporates by this reference as though set out in full Paragraphs 1 through 16 as alleged in this Complaint.

18. On/or about May 2016, Plaintiff was entitled to receive copies of the latest Summary Plan Description of plan description in question.

19. Defendants, and each of them, failed to respond to Plaintiff's inquiry.

20. As direct and proximate result of the actions of Defendant, and each of them, Plaintiff has been caused to incur attorney's fees in an amount not known to Plaintiff.

## COUNT III

21. Plaintiff hereby realleges and repleads and incorporates by this reference as though set in full Paragraphs 1 through 20 as alleged in this Complaint.

22. On/or about May 2016, Plaintiff became aware that Defendants, and each of them, had no intention of paying the funds set aside in a supplemental retirement plan for the benefit of Plaintiff.

23. Said Plan was commenced on September 26, 1997, and Plaintiff became a member of the Plan and a Plan participant on October 12, 2001.

24. Under the terms of said Plan it is set forth that if termination of the participant's employment with the company occurs 15 or more years after his or her effective date that Defendant JACKSON SHRUB SUPPLY, INC. was required to pay to him his accrued benefit on a monthly basis.

25. In or about May 2016, Plaintiff's employment with JACKSON SHRUB SUPPLY, INC. was terminated without cause. At the time of his termination he was advised that he was being terminated because he had, without proof, infected the computer system of Defendant JACKSON SHRUB SUPPLY, INC. with a computer virus.

26. As a direct and proximate cause of said conduct Plaintiff has been damaged in amounts as will be set forth herein.

## DEMAND FOR JURY TRIAL

27. Plaintiff hereby demands a trial by Jury.

**WHEREFORE**, Plaintiff prays Judgment as follows:

## COUNT I

1. For an Order for Defendant Pension Plan to pay Plaintiff all Retirement Benefits accrued and unpaid to the date of this judgment;

2. An Order to Defendants, and each of them, to designate the Plaintiff as an eligible participant under the Plan and to pay Plaintiff monthly pension as fully ascertained herein;

3. That Plaintiff be awarded attorney's fees and costs of this action;

4. For such other and further relief as the Court may deem just and proper.

## COUNT II

1. For an Order requiring the above Defendants, and each of them, to Plaintiff $100.00 per day, commencing thirty (30) days after the date from which delivery of the above referenced documentation was made;

2. Imposition of such other penalties against Employer as deemed just and proper;

3. An award of reasonable attorney's fees and costs of this action; and

4. For such other and further relief as this Court deem just and proper.

## COUNT III

1. For an Order for Defendant Pension Plan to pay Plaintiff all retirement benefits accrued and unpaid to the date of this Judgment.

2. For an Order for Defendant, and each of them, to designate the Plaintiff as an eligible participant under the Plan and to pay Plaintiff monthly pension as fully ascertained herein;

3. That Plaintiff will be awarded attorney's fees and costs of this action;

4. Such other and further relief as this Court may deem just and proper.

LAW OFFICES OF MICHAEL I. GOODE

Dated: 8/31/16

MICHAEL I. GOODE, Attorney for
Plaintiff DANIEL CERVANTES

**COMPLAINT FOR DAMAGES**